# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 17-cv-20965-GAYLES

**LUIS ENRIQUE DANIEL,**
                    **Plaintiff,**

        **v.**

**YESEIRA DIAZ,** *Field Office Director,*
*United States Citizenship and Immigration*
*Services*, **et al.,**
                    **Defendants.**

_____/

### ORDER

**THIS CAUSE** comes before the Court on the Motion to Dismiss (the "Motion")
filed by Defendants Yeseira Diaz, Field Office Director, U.S. Citizenship and Immigration Ser-
vices ("USCIS"); Jefferson B. Sessions III, Attorney General of the United States; and Elaine
Duke, Acting Secretary of the U.S. Department of Homeland Security ("DHS," and, together with
the other Defendants, the "Government") [ECF No. 8].[1] The Court has carefully considered the
Motion and the record and is otherwise fully advised. For the reasons that follow, Defendants'
Motion is granted.

### I.        BACKGROUND

On April 10, 2013, U.S. Citizenship and Immigration Services ("USCIS") denied the ap-
plication of Plaintiff Luis Daniel ("Daniel"), a native and citizen of Cuba, for adjustment of sta-
tus under the Cuban Refugee Adjustment Act ("CAA"), Pub. L. No. 89-732, 80 Stat. 1161 § 1
(codified as amended at 8 U.S.C. § 1255 note). Although USCIS determined that Daniel was "el-
igible for adjustment of status" under the CAA, it determined, based on an evaluation of favora-

---

[1]        Defendant public officials sued in their official capacities have been automatically
substituted as required under Fed. R. Civ. P. 25(d).

1

ble and adverse factors in Daniel's application and interview, that Daniel "ha[d] not met the burden of demonstrating . . . that [he] warrant[ed] a favorable exercise of discretion…" [ECF No. 1-3 at 2]. Namely, USCIS noted that Daniel previously had worked for the Cuban Ministry of the Interior as an investigator in the counterintelligence unit and had worked for CIMEX, the Cuban Import Export Corporation. *Id.*

Daniel then filed a lawsuit before this Court, alleging that he timely filed a motion for reconsideration of USCIS's decision, which USCIS denied in a short written decision. *See Daniel v. Castro*, No. 15-21828 (S.D. Fla. May 14, 2015) (*Daniel I*).[2] The complaint in *Daniel I* alleged that USCIS committed procedural error by denying Daniel's motion for reconsideration without explaining the basis for its denial, in violation of 8 C.F.R. § 103.3(a)(1)(i). The Government moved to dismiss Daniel's complaint arguing, first, that the Court lacked subject matter jurisdiction to consider Daniel's claims because he was challenging the underlying discretionary denial of his CAA application, which is precluded by 8 U.S.C. § 1252(a)(2)(B)(ii); and, second, that Daniel's procedural challenge was without merit because USCIS adequately explained its reasons for denying the motion for reconsideration. In response, Daniel conceded that the underlying discretionary denial of his CAA application would be unreviewable by stating that:

> If [he] was in fact challenging USCIS' April 10, 2013 discretionary denial of his I-485 application **judicial review would be precluded under 8 U.S.C. 1252(a)(2)(B)**. . . . Because Mr. Daniel's Form I-485 Application for Adjustment of Status pursuant to Section 1 of the Cuban Adjustment Act of 1966 is under the purview of the Attorney General's discretion, then **USCIS's April 13, 2010 discretionary denial of his application would be unreviewable** in this Court despite the lack of any statutory ineligibility.

---

[2]     In ruling on the Motion, the Court takes judicial notice of the proceedings in *Daniel I*.  *See Horne v. Potter*, 392 F. App'x 800, 802 (11th Cir. 2010) (recognizing that a court may properly take judicial notice of and consider court documents and filings which are public records when ruling on a motion to dismiss, where they are "not subject to reasonable dispute" and are "capable of accurate and ready determination by resort to sources whose accuracy [can] not reasonably be questioned.").

*See* Pl. Resp. in Opp. to Defs. Mot. to Dismiss at 3-4, *Daniel I* (ECF No. 12).

On September 30, 2015, the Court entered an Order dismissing the *Daniel I* Complaint for lack of subject-matter jurisdiction and for failure to state a claim upon which relief can be granted. *Daniel I*, No. 15-21828, 2015 WL 5727990, at *1 (S.D. Fla. Sept. 30, 2015). On appeal, the Eleventh Circuit affirmed the Court's decision in a written opinion. *Daniel v. Castro*, 662 F. App'x 645 (11th Cir. 2016) (per curiam). Although Daniel attempted to argue, for the first time on appeal, that § 1252(a)(2)(B)(ii) did not apply to the CAA, the Eleventh Circuit declined to resolve the issue because "Daniel expressly conceded to the district court that the discretionary denial of his CAA application was unreviewable under § 1252(a)(2)(B)(ii)." *Id.* at 649.

Thereafter, Daniel filed the instant action where he alleges, in direct contradiction to his prior representations to the Court, that "judicial review of USCIS' discretionary decision is not precluded under INA §§ 242(a)(2)(B)(i)-(ii) [8 U.S.C. § 1252(a)(2)(B)(i)-(ii)]." [ECF No. 1 at ¶ 12]. Defendants moved to dismiss arguing that Daniel's claims are barred by res judicata.

## II.    LEGAL STANDARD

To survive a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6), a claim "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,'" meaning that it must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). While a court must accept well-pleaded factual allegations as true, "conclusory allegations . . . are not entitled to an assumption of truth—legal conclusions must be supported by factual allegations." *Randall v. Scott*, 610 F.3d 701, 709-10 (11th Cir. 2010). "[T]he pleadings are construed broadly," *Levine v. World Fin. Network Nat'l Bank*, 437 F.3d 1118, 1120 (11th Cir. 2006), and the allega-

tions in the complaint are viewed in the light most favorable to the plaintiff, *Bishop v. Ross Earle & Bonan, P.A.*, 817 F.3d 1268, 1270 (11th Cir. 2016).

## III.    DISCUSSION

### A.  Res Judicata

The doctrine of res judicata (or claim preclusion) "prohibits successive litigation of the very same claim by the same parties." *Whole Woman's Health v. Hellerstedt*, 136 S. Ct. 2292, 2305 (2016) (citation and internal quotation marks omitted). This prohibition bars "the parties or their privies from relitigating issues that were or could have been raised" in a prior action that resulted in a final judgment on the merits. *Allen v. McCurry*, 449 U.S. 90, 94 (1980); *see also Maldonado v. U.S. Atty. Gen.*, 664 F.3d 1369, 1375 (11th Cir. 2011). A party seeking to invoke this doctrine must establish the following four initial elements: "(1) there is a final judgment on the merits; (2) the decision was rendered by a court of competent jurisdiction; (3) the parties, or those in privity with them, are identical in both suits; and (4) the same cause of action is involved in both cases." *Ragsdale v. Rubbermaid, Inc.*, 193 F.3d 1235, 1238 (11th Cir. 1999); *see also Kaiser Aerospace & Elecs. Corp. v. Teledyne Indus., Inc.* (*In re Piper Aircraft Corp.*), 244 F.3d 1289, 1296 (11th Cir. 2001). If the party raising res judicata satisfies all of these elements, the court next questions whether the claim in the new suit was or could have been raised in the prior action; if yes, res judicata applies. *In re Piper Aircraft Corp.*, 244 F.3d at 1296.

In his Response, Daniel does not challenge Defendants' assertion that the second and third elements of the res judicata analysis have been met. Daniel disputes, in relation to *Daniel I,* whether "there [was] a final judgment on the merits" and whether "the same cause of action is involved in both cases." *Ragsdale,* 193 F.3d at 1238. Therefore, as elements two and three are undisputed, the Court only discusses elements one and four.  As discussed herein, the Court finds that all of the elements of res judicata are met in the instant matter.

### i. Final Judgment on the Merits

In general, a court's dismissal of an action for lack of subject matter jurisdiction is "not an adjudication on the merits that would give rise to a viable res judicata defense." *Davila v. Delta Air Lines, Inc.,* 326 F.3d 1183, 1188 (11th Cir. 2003). However, when a court finds that the plaintiff's complaint fails to state a claim for relief, and also notes a lack of subject matter jurisdiction, the resulting dismissal is deemed a final judgment on the merits. *Id.* at 1188–89 (a dismissal for lack of subject matter jurisdiction alone cannot constitute a dismissal on the merits).

In dismissing Daniel's prior complaint, the Court noted that while it considered Daniel's claim to be for a review of discretionary agency action for which the Court did not have jurisdiction, it would still address the merits of Daniel's claim. *Daniel I*, No. 15-21828, 2015 WL 5727990, at *4-5. In addressing the merits of Daniel's claim, the Court found that Daniel failed to state a plausible claim for relief and dismissed his complaint, with prejudice, pursuant to Rule 12(b)(6). *Id.* at *5. Accordingly, the Court's decision in *Daniel I* constitutes an adjudication on the merits for purposes of res judicata.

### ii. Same Cause of Action

To determine whether the same cause of action is involved in the prior and present actions, a court must decide whether the actions arise "out of the same nucleus of operative fact, or [are] based upon the same factual predicate." *In re Piper Aircraft Corp.,* 244 F.3d at 1297; *Davila,* 326 F.3d at 1187. The final requirement for res judicata is met in this case as both actions arise out of the same nucleus of operative facts. In the instant Complaint, Daniel contends that he is challenging the USCIS' discretionary decision to deny his adjustment of status application under the CAA. Daniel argues that in *Daniel I* he only sought judicial review of the alleged procedural deficiencies associated with USCIS's denial of his motion for consideration, not the underlying denial of his adjustment of status application. Even accepting Daniel's contention that the

articulated claims in each case are not identical, a careful reading of Daniel's Complaint shows that his instant claim arises out of the same nucleus of common operative facts as his claim in *Daniel I.  See Maldonado,* 664 F.3d at 1376 ("Res judicata acts as a bar not only to the precise legal theory presented in the previous litigation, but to all legal theories and claims arising out of the same operative nucleus of fact.") (internal citations omitted).

While Daniel argues in his Response that it would not have been "proper" to raise the underlying discretionary denial issue in *Daniel I,* there is no evidence in the record to suggest that this claim was not in existence at the time *Daniel I* was initiated. *See In re Piper Aircraft Corp.,* 244 F.3d at 1299 (stating that "for res judicata purposes, claims that 'could have been brought' are claims in existence at the time the original complaint is filed") (internal citations omitted); *Maldonado,* 664 F.3d at 1377 ("A new claim is barred by res judicata if it is based on a legal theory that was or could have been used in the prior action."); *Hodges v. Publix Super Markets, Inc.*, 372 F. App'x 74, 77 (11th Cir. 2010) (per curiam) (rejecting a plaintiff's attempt to rely on *In re Piper Aircraft Corp.* to avoid dismissal on res judicata grounds because the facts alleged in his second action "were in existence at the time he filed" the first action).

Moreover, the applicable standard for res judicata purposes is not whether a party unilaterally deems it "proper" for a claim to be raised in a given action but whether a claim "was or could have been" raised in the prior action. *In re Piper Aircraft Corp.*, 244 F.3d at 1296. Therefore, because Daniel's claim regarding the discretionary denial of his adjustment of status application was in existence at the time he filed *Daniel I*, res judicata bars this action. *Schafler v. Indian Spring Maint. Ass'n,* 139 F. App'x 147, 151 (11th Cir. 2005). Indeed, the issue of the underlying discretionary denial of Daniel's adjustment of status application was raised and could have

been fully adjudicated in *Daniel I*, as the factual basis for same was in existence[3] at the time of filing, but for Daniel's own concession and representation that the discretionary denial of his application was unreviewable by the Court. *Daniel,* 662 F. App'x at 649 ("Daniel expressly conceded to the district court that the discretionary denial of his CAA application was unreviewable under § 1252(a)(2)(B)(ii)."); *Underwriters Nat'l Assurance Co. v. N.C. Life & Accident & Health Ins. Guar. Ass'n*, 455 U.S. 691, 710, 102 S.Ct. 1357, 71 L.Ed.2d 558 (1982) (holding that a "party cannot escape ... res judicata by asserting its own failure to raise matters clearly within the scope of a prior proceeding.").

The purpose of the doctrine of res judicata is to prevent the type of inefficient and piecemeal litigation Daniel has attempted to engage in before this Court. *Shurick v. Boeing Co.*, 623 F.3d 1114, 1116 (11th Cir. 2010) (res judicata facilitates "the conclusive resolution of disputes" by reducing "the expense and vexation attending multiple lawsuits, conserv[ing] judicial resources, and foster[ing] reliance on judicial action by minimizing the possibility of inconsistent decisions.") (citations omitted); *Ragsdale*, 193 F.3d at 1240 (the doctrine of res judicata prevents "plaintiffs [from] strategically…sever[ing] their claims in the hope of obtaining a second bite at the apple, should their first action prove unsuccessful."). Because the Court finds that all of the elements of res judicata are met in the instant matter, the Court declines to address the alternative grounds for dismissal raised in Defendants' Motion to Dismiss. Accordingly, the Court dismisses Daniel's Complaint pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

---

[3]     Incidentally, the case upon which Daniel now relies in support of judicial review of the denial of his CAA application was decided in 2014, and therefore available to Daniel, prior to the initiation of *Daniel I. See Perez v. U.S. Bureau of Citizenship and Immigration Servs.,* 774 F.3d 960 (11th Cir. 2014).

## IV.    CONCLUSION

Based on the foregoing, it is **ORDERED AND ADJUDGED** that the Defendants' motion to dismiss [ECF No. 8] is **GRANTED**. The Plaintiff's Complaint [ECF No. 1] is **DISMISSED WITH PREJUDICE**.

This action is **CLOSED** and any pending motions are **DENIED AS MOOT**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 29th day of August, 2017.

DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE